IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLENIX MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV445 |
| | ) | |
| v. | ) | |
| | ) | |
| UNKNOWN HURST, C/O, | ) | **MEMORANDUM** |
| UNKNOWN NELSON, C/O, and | ) | **AND ORDER** |
| UNKNOWN KOEHLER, Sgt. Of | ) | |
| Omaha Correctional Center - | ) | |
| Department Of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on November 20, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 15.) Plaintiff also filed a Motion for Appointment of Counsel. (Filing No. 11.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.      INITIAL REVIEW OF COMPLAINT**

**A.     Summary of Complaint**

Plaintiff filed his Complaint on November 20, 2007 against Correctional Officers Hurst, Nelson and Sergeant Koehler of the Omaha Correctional Center Department of Corrections. Plaintiff does not identify whether he is suing the Defendants in their individual or official capacities.

Condensed and summarized, Plaintiff alleges that on October 23, 2007, while he was housed at the Omaha Correctional Center, he was standing in line waiting on toast to be served when Defendant Hurst asked him what he was doing. (Filing No. 1 at CM/ECF pp. 5-6.) Plaintiff responded that he was waiting for his toast and said "you can't deny me food let me get my toast and I will move on and be out your way." (*Id*. at 6.) Plaintiff states that Hurst asked Plaintiff his name and number, and after Plaintiff gave him the information, Hurst snatched him very hard. (*Id*.) Plaintiff states that Hurst then called for back up and Defendant Nelson arrived. (*Id*.) Plaintiff contends that Defendants snatched him in a rough manner, drug him down a hallway, slammed the door and were very rough with him in the side room. (*Id*.)

Plaintiff states that Sergeant Koehler was standing observing this incident occur and did not intervene. Plaintiff contends that he said to Sergeant Koehler "would you get C/O Hurst and Nelson under control there using excessive force and there being very rough." (*Id*.) Plaintiff asserts that Sergeant Koehler then told Plaintiff to go to the ground, and that as Plaintiff was bending his legs to go to the ground, Hurst and Nelson tried to pull him to the ground full force in a reckless manner. (*Id*.) Plaintiff was handcuffed and taken to segregation. (*Id*.) Plaintiff contends that his back and neck were injured during this incident. (*Id*.) As a result of the incident, Plaintiff lost good time and lost his position in the wood shop. (*Id*.)

Plaintiff seeks $1,000,000 in damages. Plaintiff asks that Defendants pay damages for the stress they caused Plaintiff, and asks that the court reprimand Defendants and hold them accountable for their actions which caused Plaintiff to lose his position in the wood shop.

### B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### C.     Discussion of Claims

The Eighth Amendment protects prisoners from the "unnecessary and wanton infliction of pain" by their jailers. *U.S. v. Miller*, 477 F.3d 644, 647 (8th Cir. 2007). When jail officials are alleged to have used excessive force against a prisoner, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). "Courts considering a prisoner's claim must ask both if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Id.* at 8 (citations omitted).

Plaintiff claims that officers Nelson and Hurst used excessive force against Plaintiff when they grabbed him, drug him down a hallway in a rough manner, and forcibly threw him to the ground. Plaintiff further claims that Sergeant Koehler stood by and watched Defendants use excessive force and did not intervene at Plaintiff's request. Liberally construed, Plaintiff has set forth enough facts to nudge his claims against Defendants across the line from conceivable to plausible.

However, Plaintiff has not identified whether he is suing Defendants in their individual or official capacities. Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.") Further, a suit against a public employee in his or her official capacity is actually a suit against the public employer. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Therefore, the court presumes that Plaintiff is suing Hurst, Nelson,

and Koehler in their official capacity as Nebraska Department of Corrections Officers, and is thereby suing the State of Nebraska.

In Plaintiff's claims for relief he asks for monetary damages and declaratory and injunctive relief. These forms of relief are not available to Plaintiff against the State of Nebraska. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-378 (8th Cir. 1981). Therefore, Plaintiff's claim for monetary damages against Defendants in their official capacities is dismissed.

The Eleventh Amendment does not preclude actions against a state, its instrumentalities or officials for prospective injunctive relief to prevent future violations of federal law. *Dover Elevator Co.*, 64 F.3d at 447; *Kashani v. Purdue Univ.*, 813 F.2d 843, 848 (7th Cir. 1987), *cert. denied*, 108 S. Ct. 141 (1987). But here Plaintiff has been released from custody. (*See* Filing No. 12.) No injunctive relief may be recovered to improve conditions at a prison from which the plaintiff has been transferred or released. "A claim for equitable relief is moot 'absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.' " *Randolph v. Rodgers*, 170 F.3d 850, 856-57 (8th Cir. 1999). Thus, any claim for injunctive relief in this case has also become moot.

Accordingly, no relief may be sought against Defendants Hurst, Koehler, and Nelson in their official capacities and these claims are dismissed. However, Plaintiff

may have claims against Defendants in their individual capacities. Therefore, on its own motion the court will grant Plaintiff leave to amend his Complaint. Plaintiff shall have 30 days to amend his complaint to state whether he is suing Defendants in their individual capacities and the relief sought. Plaintiff must include all claims for relief in this amended compliant as it will supercede the original Complaint in its entirety. Failure to include all claims will result in the abandonment of claims.

## **II.     APPOINTMENT OF COUNSEL**

Plaintiff also seeks the appointment of counsel. (Filing No. 11.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1.     The claims against Defendants Correctional Officer Hurst, Correctional Officer Nelson, and Sergeant Koehler in their official capacities are dismissed.

2.     Plaintiff shall have until **April 29, 2008** to amend his Complaint to state whether he is bringing claims against Defendants in their individual capacities. In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without further notice.

3.     No summons will be issued until after the amendment of the Complaint in accordance with this Memorandum and Order.

    4.       Plaintiff's Motion for Appointment of Counsel (filing no. 11) is denied.

    5.       The Clerk of court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **April 29, 2008**.

    6.       The Clerk of the court is directed to terminate the pro se first assessment deadline in this matter.

    7.       Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

March 31, 2008.                        BY THE COURT:

                                          *s/Richard G. Kopf*
                                          United States District Judge